### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **TRUSTEES OF THE NATIONAL ASBESTOS WORKERS**<br>**MEDICAL FUND and TRUSTEES OF THE NATIONAL**<br>**ASBESTOS WORKERS PENSION FUND**<br>**7130 COLUMBIA GATEWAY DRIVE, SUITE A**<br>**COLUMBIA, MD  21046** | )<br>)<br>)<br>)<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| **v.** | ) **CA No.:**<br>) |
| **WRAP IT UP CONSTRUCTION, LLC**<br>**PO Box 1092**<br>**La Follette, TN  37766** | )<br>)<br>)<br>) |
| **Serve:   Angela K. Poteet, Registered Agent**<br>**PO Box 1092**<br>**La Follette, TN  37766** | )<br>)<br>)<br>) |
| **Defendant.** | )<br>) |

### COMPLAINT

**(FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT,<br>TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS<br>AND TO ENJOIN VIOLATIONS OF THE TERMS OF AN<br>EMPLOYEE BENEFIT PLAN)**

### Jurisdiction

1.      This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, (hereafter "ERISA"), 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a).  This is an action for breach of a Collective Bargaining Agreement between an employer and a labor organization representing employees in an industry affecting commerce and an action to collect contributions due to employee benefit plans under the terms of the Collective Bargaining Agreement.

**Parties**

2.      Plaintiffs are the Trustees of the National Asbestos Workers Medical Fund and

Trustees of the National Asbestos Workers Pension Fund (hereinafter "NAW Funds"),

multiemployer employee benefit plans as that term is defined in Section 3(3) and 3(37) of ERISA,

29 U.S.C. § 1002(3) and (37) (as amended).  The Plaintiff Funds are established and maintained

according to the provisions of the Restated Agreements and Declarations of Trust establishing the

NAW Funds (hereinafter "Trust Agreements") and the Collective Bargaining Agreement between

Asbestos Workers Local Union No. 73 (hereinafter "the Union") and the Defendant.  The NAW

Funds are administered at 7130 Columbia Gateway Drive, Suite A, Columbia, MD  21046.

3.      Defendant Wrap It Up Construction, LLC is a corporation existing under the laws of

the State of Tennessee with offices located in Tennessee. Defendant transacts business in the State of

Tennessee as a contractor or subcontractor in the sprinkler industry and all times herein was an

"employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-

Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12),

(14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-

Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

**COUNT I**

4.      Defendant entered into a Collective Bargaining Agreement with the Union

establishing terms and conditions of employment for heat and frost insulators employed by the

Defendant.

5.      Pursuant to the Collective Bargaining Agreement, Defendant agreed to pay to the

Plaintiff Funds certain sums of money for each hour worked by employees of Defendant covered by

the Collective Bargaining Agreement.

2

6.      Defendant employed certain employees covered by the Collective Bargaining Agreement during the period of August 2017 through the present.

7.      Defendant has failed to pay complete contributions to the Plaintiff NAW Funds in the amount of $66,436.30 for work performed during the months of December 2017 and January 2018.  Pursuant to the terms of the Collective Bargaining Agreement, Defendant is obligated to submit report forms and pay contributions owed to the Plaintiff NAW Funds.

8.      Defendant is bound to the Trust Agreements.

9.      Defendant's contributions to the NAW Funds owed on behalf of its heat and frost insulator employees for the months of August 2017 through November 2017 and February 2018 were paid late.  The specific amounts paid and the date in which the Defendant's contributions were received by the NAW Funds are set forth on the attached breakdown (Exhibit A).

10.     Defendant's contributions to the NAW Funds owed on behalf of its heat and frost insulator employees for the months of December 2017 and January 2018 are late.

11.     The Trust Agreement establishing the Plaintiff NAW Medical Fund provides as follows:

> If an Employer fails to file reports or make contributions within ten (10) calendar days of the due date, there shall be added to and become a part of the amount due and unpaid:  (1) liquidated damages for each monthly report or payment due to the Fund, in the amount of twenty percent (20%) of the amount due or 20 dollars, whichever is greater, plus interest at the rate of eight percent (8%) from the due date to the date of payment; or (2) interest at the rate of 1 1/2% per month; or (3) double interest as provided in the Act.

12.     Pursuant to this provision, Defendant is obligated to the Plaintiff NAW Medical Fund in the amount of $5,508.99 in interest assessed on the late payments for the months of August 2017 through February 2018 at the rate of 1 1/2% per month in accordance with the Trust Agreement and continuing to accrue on the unpaid contributions through the date of payment.

3

13.     The Trust Agreement establishing the Plaintiff NAW Pension Fund provides as follows:

> If an Employer fails to file reports or make contributions within ten (10) calendar days of the due date, there shall be added to and become a part of the amount due and unpaid:  (1) liquidated damages for each monthly report or payment due to the Fund, in the amount of twenty percent (20%) of the amount due or 20 dollars, whichever is greater, plus interest at the rate of eight percent (8%) from the due date to the date of payment; or (2) double interest as provided in the Act.

14.     Pursuant to this provision, Defendant is obligated to the Plaintiff NAW Pension Fund in the amount of $18,340.11 in liquidated damages assessed at the rate of 20% of the total contributions due, plus $3,707.97 in interest assessed on the late payments for the months of August 2017 through February 2018 at the rate of 8% per annum in accordance with the Trust Agreement and continuing to accrue on the unpaid contributions through the date of payment.

**WHEREFORE**, in Count I, Plaintiff NAW Funds pray for Judgment against the Defendant as follows:

A.      In the amount of $66,436.30 in contributions due for work performed in December 2017 through February 2018, plus costs and reasonable attorneys' fees pursuant to the Trust Agreements and 29 U.S.C. § 1132(g).

B.      In the amount of $18,340.11 in liquidated damages, plus $9,216.96 in interest assessed on the late payments for the months of August 2017 through February 2018 pursuant to the Trust Agreements and 29 U.S.C. § 1132(g).

C.      For all contributions, liquidated damages and interest which become due subsequent to the filing of this action through the date of Judgment pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. § 1132(g).

4

D.     For such further relief as the Court may deem appropriate.

Respectfully submitted,

**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W.
Suite 800
Washington, D.C.  20015
(202) 362-0041 – telephone
(202) 362-2640 – facsimile
cgilligan@odonoghuelaw.com

By:     _____/s/_____
Charles W. Gilligan, Esquire
Maryland Bar No.:  05682
Attorneys for Plaintiffs

303695_1

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 25th day of June, 2018 on the following:

> The Office of Division Counsel
> Associate Chief Counsel (TE/GE) CC: TEGE
> Room 4300
> 1111 Constitution Avenue
> Washington, DC 20224
> Attention: Employee Plans

> Secretary of Labor
> 200 Constitution Avenue, N.W.
> Washington, DC 20210
> ATTENTION: Assistant Solicitor for
>       Plan Benefits Security

                                        /s/
                                 _____
                                 Charles W. Gilligan

303695_1